IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD TERRELL BANKS,           § | |
|     Defendant-Petitioner, § | |
| § | NO. 3:06-CV-1800-N (BF) |
| v.           § | (3:03-CR-078-N) (BF) |
| § | ECF |
| UNITED STATES OF AMERICA,     § | |
|     Plaintiff-Respondent.   § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Donald Terrell Banks ("Petitioner") filed a motion to vacate, set aside, and correct his sentence under 28 U.S.C. § 2255. The United States of America ("Respondent") filed a response. Petitioner filed a Reply. The case is now ripe for consideration.

**I.     Background**

On October 28, 2003, Petitioner was charged in a six-count indictment. Count one charged him with conspiracy to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A). Count four charged him with distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On November 17, 2003, Petitioner pled guilty to count four. On November 21, 2003, a jury found him guilty of conspiracy, as charged in count one. On March 1, 2004, the District Court sentenced Petitioner to 360 months' imprisonment and a five-year term of supervised release. The United States Court of Appeals for the Fifth Circuit affirmed his conviction on June 16, 2005. The United States Supreme Court denied Petitioner's petition for a writ of certiorari on November 9, 2005. Petitioner timely filed his § 2255 motion on October 2, 2006.

**II.     Issue**

Petitioner claims that he received ineffective assistance of counsel at sentencing because his counsel failed to make the proper objection under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), to preserve on appeal an error under *United States v. Booker*, 543 U.S. 220 (2005).

**III.     Petitioner's Request for an Evidentiary Hearing**

The rule that governs the disposition of § 2255 motions provides in pertinent part:

> Determination by court.  If the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.  If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

Rule 8(a), Rules Governing § 2255 Proceedings.  Only disputed factual issues must be resolved on the basis of an evidentiary hearing in § 2255 cases. *Montgomery v. United States*, 469 F.2d 148, 150 (5th Cir. 1972).  This Court finds that Petitioner failed to show that material facts are in dispute. Petitioner's claims can be decided based upon the record before the Court. Accordingly, Petitioner's motion for an evidentiary hearing is denied.

**IV.     Standard of Review**

The Sixth Amendment of the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense.  U.S. CONST. art. VI.  To merit relief pursuant to § 2255 on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 691 (1984).   In assessing whether a particular counsel's performance was

constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*.

The prejudice prong of the *Strickland* test requires the petitioner to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* A petitioner claiming ineffective assistance must prove that the challenged conduct of his counsel rendered the proceeding fundamentally unfair or unreliable. *Lockhart v. Fretwell,* 506 U.S. 364, 372 (1993) (citing *Strickland,* 466 U.S. at 687). Courts are required to consider the totality of the evidence in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695.

A movant's failure to establish either prong of the *Strickland* test requires the court to find that counsel's performance was not constitutionally ineffective; hence courts are free to review ineffective assistance of counsel claims in any order and need not address both the "deficient" and "prejudice" prongs of *Strickland* if the court finds that one component is lacking. *Id.* at 697.

**V.     Analysis**

Petitioner contends that his counsel was constitutionally ineffective for failing to object at sentencing on Sixth Amendment grounds to preserve a *Booker* error on appeal. He claims that if counsel had made the proper objection to the fact-finding of the drug amounts under *Apprendi* and *Blakely*, the Fifth Circuit would have reviewed his appeal for harmless error, rather than plain error,

3

and would have remanded his case to the District Court for resentencing.[1] Petitioner relies upon the facts that (1) counsel for one of his codefendants made an objection based upon the Sixth Amendment in the District Court, and (2) the appellate court remanded the codefendant's case for resentencing. Upon resentencing, the District Court sentenced Petitioner's codefendant to a lower term of imprisonment. Petitioner's reliance is misplaced. "A defendant cannot rely upon his codefendants' sentences as a yard-stick for his own." *United States v. Castillo-Roman*, 774 F.2d 1280, 1284 (5th Cir. 1985). "Sentences are imposed upon individuals." *United States v. Hayes*, 589 F.2d 811, 827 n.9 (5th Cir. 1979). Therefore, Petitioner's argument fails.[2]

The District Court properly sentenced Petitioner under *Apprendi*. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490. The District Court did not sentence Petitioner beyond the prescribed statutory maximum period which was life imprisonment. 21 U.S.C. § 841(b)(1)(A). Therefore, his sentence did not violate the teachings of *Apprendi*.

Petitioner claims that his counsel should have anticipated the Supreme Court rulings in

---

[1] Petitioner's counsel did not phrase his objection at sentencing so that it was clear to the Court that he was complaining of a Sixth Amendment violation. Therefore, the appellate court reviewed his sentence for plain error. *United States v. Fields*, No. 04-10266 (June 16, 2005). (Resp't App. at 10, 12.) The Fifth Circuit found that Petitioner failed to show that the sentencing court would have given Petitioner a lower sentence under an advisory scheme. (*Id*. at 12.)

[2] Even if the law permitted a defendant to rely upon a codefendant's lower sentence on remand, the present facts in this case would not support Petitioner's claim. After the District Court resentenced the codefendant, the new sentence was reversed on appeal and the case remanded for another sentencing. It remains to be seen what Petitioner's codefendant's sentence will be on remand.

*Blakely* and *Booker*. Counsel is not expected to foresee future new developments in the law. "Clairvoyance is not a required attribute of effective representation." *Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. 1981). *See also Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997) (holding that there is no general duty on the part of defense counsel to anticipate changes in the law). The United States Supreme Court decided *Blakely* approximately three months after the District Court sentenced Petitioner. Additionally, the Supreme Court clearly enunciated in *Blakely* that: (1) the federal Sentencing Guidelines were not before the Court and (2) the Court expressed no opinion on the continuing validity of the federal sentencing guidelines. *Blakely,* 542 U.S. at 305 n.9. Ten months after Petitioner's sentencing, the Supreme Court considered the federal Sentencing Guidelines in *Booker*.

Viewing trial counsel's performance as of the time of sentencing, as the Court must under the *Strickland* standard, it was not unreasonable for Petitioner's counsel to have failed to raise the *Blakely* claim when the rule in *Apprendi* did not apply to sentencing guidelines below the statutory maximum. Even though the United States Supreme Court granted certiorari in *Blakely* before Petitioner was sentenced, *Blakely* was a state sentencing guidelines case that had been decided against the *Blakely* defendant under state law. Petitioner was sentenced in accordance with *Apprendi*. Therefore, counsel acted reasonably even if counsel lacked the prescience to anticipate that the eventual holding in *Blakely* would lead to the Supreme Court's decision in *Booker* to remedy potential Sixth Amendment problems in the application of the federal Sentencing Guidelines by declaring the Guidelines advisory only.[3] Counsel's performance did not fall below the *Strickland*

---

[3] *See Booker,* 543 U.S. at 259-60.

5

standard.[4] *See Lucas v. Johnson,* 132 F.3d 1069, 1078-79 (5th Cir.1998) (stating that the habeas petitioner "failed to demonstrate deficient performance because counsel is not required to anticipate subsequent developments in the law"); *Busby v. Dretke,* 359 F.3d 708, 717 (5th Cir. 2004) (same). Accordingly, Petitioner's claim fails the deficient performance prong of the *Strickland* test, and the Court need not consider the prejudice prong. *Strickland*, 466 U.S. at 697. The District Court should deny Petitioner's claim for relief.

## VI.    Recommendation

The record conclusively shows that Petitioner is not entitled to relief. The Court respectfully recommends that Petitioner's motion filed under 28 U.S.C. § 2255 be DENIED.

SO RECOMMENDED, June 21, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[4] *See Sellan v. Kuhlman,* 261 F.3d 303, 317 (2d Cir. 2001) ("it was reasonable for the court not to have expected appellate counsel to predict changes in state law or to anticipate the Court of Appeals' [later] decision"); *Jameson v. Coughlin,* 22 F.3d 427, 429 (2d Cir. 1994) (quoting *Lilly v. Gilmore,* 988 F.2d 783, 786 (7th Cir. 1993)) ("The Sixth Amendment does not require counsel to forecast changes or advances in the law . . . ."); *Walker v. Jones,* 10 F.3d 1569, 1573 (11th Cir. 1994) (rejecting petitioner's ineffective assistance of counsel claim for failure to object to a jury charge later found erroneous, where the lower courts had rejected challenges to the charge and the Supreme Court had not yet ruled on the issue); *Stanley v. Kuhlman,* 10 F. Supp. 2d 250, 255 (E.D.N.Y. 1998) ("an attorney's performance must be evaluated in light of the prevailing legal practice at the time, without the benefit of hindsight").

# **INSTRUCTIONS FOR SERVICE AND**
# **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.   *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).